## ROOT vs. PINNEY.

### APPEAL FROM COUNTY COURT, FOND DU LAC COUNTY.

Heard January 20.]                              [Decided May 4, 1860.

*Interest—Usury—Tender—Repeal of Statute.*

Where a usurious contract was sued on, which under the act of 1856, was good for the re-payment of the principal sum loaned, and for the payment of the usurious interest, unless there was a tender of the principal; but before suit brought the act was repealed, and the defendant pleaded the usury, making no tender or offer to pay the principal: Held, that such contract was a valid contract for the re-payment of the principal only; and as to the usurious interest reserved, the contract was void.

The condition in the act of 1856, requiring the defendant to a usurious contract to prove a tender of the principal before he could avail himself of the benefit of the plea of usury, was repealed by the act of 1859; and from the passage of the latter act, the defendant need neither aver nor prove a tender of the principal to obtain the benefit of his plea.

Where a party, for the purpose of evading the usury laws, required the borrower to purchase a quantity of wheat, at a price of twice its real value, and also to perform services, and the price of the wheat and money loaned were made the principal sum mentioned in the note; and where suit was brought upon the note, and the defendant pleaded the usury, and that he was bound to pay only the principal sum borrowed: Held, that the principal was the money actually paid, and the real price of the wheat, less the value of the services performed by the defendant for the plaintiff.

To a plea of usury, under the act of 1856, the plaintiff demurred, because the plea did not aver a tender of the principal; such a demurrer should be overruled. The court should try the plea, and give judgment for the principal loaned, as established by that trial.

A defendant to a suit brought on a usurious contract is not obliged to pay the usury, and then resort to his remedy of recovering it back; but he may set it up as a defence to the suit.

*Platt vs. Robinson,* 10 Wis., 128, considered and approved.

This was an action brought to foreclose a mortgage, made in May, 1858, by Daniel Pinney and wife, to secure the payment of $700 to Lyman P. Root. The complaint is in the usual form, and the answer admits the making, execution

and delivery of the mortgage and note mentioned and described in the plaintiff's complaint. And further, that he never owed the plaintiff the sum of seven hundred dollars; and that the only and actual consideration of the making of the note was an indebtedness from the defendant to the plaintiff, of four hundred and fifty-three dollars, and no more, upon a note and mortgage which the defendant had before given to Solomon De Silva, and which had been transferred to the plaintiff, one hundred and forty-seven dollars in money, received from the plaintiff by the defendant, and one hundred bushels of wheat, which was received by the defendant from the plaintiff, at the plaintiff's barn. And that in the month of February, 1858, he was desirous of hiring three hundred dollars in money, and paying interest therefor; for that purpose he applied to the plaintiff, who agreed to loan to him the sum he required; but that the plaintiff, with a view to evade the existing laws of this state relating to interest, and to obtain from the defendant a greater rate of interest than twelve per cent. per year, required of the defendant, as a condition of making the loan, that he should at the same time, and as a part of the same transaction, purchase from the plaintiff one hundred bushels of wheat, at the rate of one dollar per bushel, and take delivery at the plaintiff's barn, in the town of Ripon, although the wheat was not worth at the barn more than the sum of forty-five to forty-seven cents per bushel; and to which agreement the defendant was obliged to assent; the three hundred dollars to be furnished the first day of April then ensuing. That on the first day of April the defendant went to get the money of the plaintiff, and the plaintiff informed him that he could not let him have three hundred dollars, but he would let him have two hundred dollars in money, on the first day of May thereafter, but that the defendant must take the one hundred bushels of wheat, as provided by their former agreement, and pay him twelve per cent., and that the defendant could take the wheat at any time he pleased; to which agreement defendant reluctantly assented, and only because he was unable to procure it elsewhere. That relying upon the agreement, on or about the 10th day of April, thereafter, he went to the barn of the plaintiff, and received of him the one hundred bushels of wheat, as agreed. That on the 27th day of April, the plaintiff came to the defendant, and informed him that he could not let him have the money, as he agreed, but would

Root vs. Pinney.

let him have one hundred and fifty dollars in money, and the wheat at one dollar per bushel, and the mortgage of four hundred and fifty-three dollars, and put it all in a new note and mortgage for seven hundred dollars, to be paid two hundred dollars per year for the first three years, and the one hundred dollars in four years, with interest annually, at the rate of twelve per cent.; but that he would not let him have even the one hundred and fifty dollars, unless the defendant would, in the bargain, haul one hundred and fifty bushels of wheat for the plaintiff, from his barn to the railroad depot at Ripon, which was a distance of about five miles, and also prepare and clean the same for market. . That the defendant being unable to procure the money elsewhere, was compelled to accede to all of the conditions, and did so, and fulfilled the same on his part; and that computing the amount due on the prior mortgage, it came to the sum of four hundred and fifty-seven dollars, and the wheat received from the plaintiff was called one hundred dollars, and that left but one hundred and forty-three dollars to make the sum of seven hundred dollars, which sum the defendant received from the plaintiff, and thereupon executed and delivered to him the note and mortgage set forth in the plaintiff's complaint. And further, that the one hundred bushels of wheat, when received from the plaintiff, and when the note and mortgage were given, was worth no more than the sum of forty-five dollars. Wherefore the defendant insists that there is reserved or secured by the note and mortgage described in the plaintiff's complaint, a rate of interest exceeding twelve per cent. per annum, and a greater sum than was allowed by the laws of this state existing at the time when the note and mortgage were executed and delivered, and that they are usurious and void.

Wherefore this defendant prays, that the note and mortgage described in the plaintiff's complaint, may be declared usurious and void, and that they be delivered up to be cancelled, and for such further or other relief in the premises as may be just and equitable.

To this answer the plaintiff's counsel interposed a special demurrer as follows: The grounds of demurrer are:

1. The defendant in his answer makes application to this court to be relieved in case of an alleged usurious contract or security, but does not therein aver, set up or pretend any payment or tender of the principal sum of money or thing

loaned, to the party entitled to receive the same, or to any party or person.

2. The defendant, in his answer, sets up the plea of usury in the action by the plaintiff instituted against him, but does not therein aver, set up or pretend any payment or tender of the principal sum of money or thing loaned, to the party entitled to receive the same, or to any party or person.

3. The defendant, in his answer, does not set up facts sufficient to entitle him to have the note and mortgage declared usurious and void.

4. The defendant, in his answer, does not set up facts sufficient to entitle him to have the note and mortgage delivered up to be cancelled. And

5. The defendant, in his answer, does not set up facts sufficient to entitle him to any relief whatever.

Judgment was pronounced in favor of the plaintiff, on the demurrer. From that judgment the defendant, Daniel Pinney, brings this appeal.

*J. M. Gillett,* for the appellant.

*Crane & Runals,* for the respondent.

*By the Court,* PAINE, J. This action was brought to foreclose a mortgage, and the answer set up that it was given for a usurious loan from the plaintiff to the defendant. The transaction occurred while the usury law of 1856 was in force, and, of course, so far as the validity and effect of the contract is concerned, it is to be determined by that law. By that, the contract was only a valid security for the principal sum loaned. But it also contained a provision, that in order for any party to have the benefit of a plea of usury, he should prove a tender of the principal. The answer in this case did not aver any tender, and for that reason the plaintiff demurred, and had judgment on the demurrer, from which the defendant appealed. If the provision of the law of 1856, in respect to a tender, had been in force at the time of the pleading and trial, and applicable to the case, we should have to reverse the judgment, following the case of *Platt vs. Robinson,*

decided at last term, in which we held that this provision established the tender only as a condition precedent to the party's having the benefit of his plea of usury, but did not make it any part of the legal defense, and that it was, therefore, unnecessary to aver it.

But both parties here contend that at the time of pleading in this action, that provision of the law had been repealed, and that being a part relating to the remedy only, it had no application to, or bearing upon this case. We are inclined to think the counsel are right in this position. And that although the provision of the law of 1856, was contained in the Revision of 1858, yet that it was repealed by chapter 160 of General Laws of 1859. This latter act contains a clause providing that it should not be construed to interfere with contracts theretofore made, in accordance with existing laws, which, of course, it could not do. But this particular provision in regard to a tender, does not seem to have had any bearing upon the validity or effect of the contract itself. On the contrary, it was merely an equitable condition which the law required the party to comply with, before he should have the benefit of an established illegality in the contract. Being repealed, therefore, before this suit was brought, it could have no effect upon it.

The question then remains, what was the effect of an answer setting up usury in a mortgage executed under the law of 1856? It would seem to follow, necessarily, though the counsel for the respondent does not so regard it, that the defendant would not be required to either aver or prove a tender of the principal. The law requiring him to comply with this condition, being repealed, he would, of course, be no longer bound to comply with it, but would be at full liberty without it, to insist upon any invalidity of the contract. By the usury law of 1851, usurious contracts were void. By the law of 1856 they were

made valid to secure the principal loaned, but were left void so far as the interest was concerned. The defendant, therefore, by setting up usury, set forth a good defense to all of the plaintiff's claim beyond the principal he received.

And supposing the allegations of the answer to be established, and that the plaintiff, as a mere evasion of the usury law, required the defendant as a condition of the loan, to purchase a quantity of wheat at a price more than double its real value, and to perform services for the plaintiff, the principal received should be estimated at the money actually received, and the actual value of the wheat, less the value of the defendant's services. For this principal the contract was valid, for all beyond it was void. The court erred, therefore, in sustaining the demurrer to the answer. It should have tried the question of usury, and if established, should have given judgment for the principal only.

The suggestion of the respondent's counsel that the only remedy of the defendant was to pay the usury, and recover three times the excess under the provision of the act of 1859, is certainly unfounded. That is a remedy given for those who have paid. But it surely furnishes no implication that those who have not paid, cannot set up the invalidity of the contract as a defense, when sued upon it. Nor does it need an act of the legislature saying expressly that a man may set up that defense. It is sufficient for the law to declare the contract invalid in whole or in part, and then any one sued upon it may always set up that invalidity. If the law imposes on him any condition, as in the act of 1856, that he must comply with, but in the absence of any such, he is at full liberty to show any illegality in the contract, and when shown, it is the duty of the court to refuse to enforce such illegal provisions.

The judgment is reversed with costs, and the cause remanded for further proceedings.